**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PHILLIP STEWART,
ADC #151956                                                                        PLAINTIFF

v.                                              3:20-cv-00158-DPM-JJV

DRINKARD, Sergeant; and
GILLIHAN, Captain, North Central Unit, ADC                     DEFENDANTS


<u>**ORDER**</u>

    Phillip Stewart ("Plaintiff") is a prisoner in the North Central Unit of the Arkansas Division of Correction ("ADC").  He has filed a *pro se* Complaint and an Application to Proceed Without Prepayment of Fees and Affidavit ("IFP Application").  (Doc. Nos. 1 & 2.)

    The Prison Litigation Reform Act provides, in part, that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

    Prior to filing this lawsuit, Plaintiff had at least four cases dismissed for failing to state a claim upon which relief may be granted.  *See Stewart v. Evans*, 5:16-cv000081 (E.D. Ark. dismissed March 24, 2016); *Stewart v. Hobbs*, 6:15-cv-6023 (W.D. Ark. dismissed Jan. 26, 2016); *Stewart v. Murphy*, 6:14-CV-6077 (W.D. Ark. dismissed March 15, 2015); *Stewart v. Hobbs*, 5:13-CV-00381 (E.D. Ark. dismissed Jan. 31, 2014).  Thus, he is a three-striker.  Consequently, Plaintiff can proceed *in forma pauperis* only if he demonstrates: (1) he was in imminent danger of serious physical injury at the time the complaint was filed; and (2) there is a risk of ongoing danger or

future injury.  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term

'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to

prevent impending harms, not those harms that had already occurred"); *Ashley v. Dilworth*, 147

F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past

are insufficient").

Plaintiff alleges that, on May 29, 2020, Defendants Sergeant Drinkard and Captain Gillihan

confined him in a shower in the isolation area from 10:00 a.m. until 7:30 p.m. to retaliate against

him for attempting to have two grievances signed by a lieutenant.[1]  (Doc. No. 2.) While confined

in the shower, Plaintiff did not have access to a chair or toilet.  As a result, Plaintiff had a bowel

movement in the shower, and he suffered back pains from sitting on the floor for a prolonged

period of time.  These allegations, while definitely disturbing, are an isolated incident of prior

conduct.  Plaintiff has not provided any facts suggesting he was in imminent danger when he

commenced this lawsuit on June 8, 2020, or that there is any risk of future, imminent danger from

Defendants.  Thus, he is precluded from proceeding *in forma pauperis* by § 1915(g).

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff's IFP Application (Doc. No. 1) is DENIED pursuant to 28 U.S.C. §

1915(g).

2.      Plaintiff must submit to the Clerk of this Court the statutory filing fee of $400, in

full, **within twenty-one (21) days of the date of this Order.**  Failure to do so will result in a

recommendation that this action be dismissed without prejudice.

---

[1]  As a side note, Plaintiff does not allege he named Defendant Drinkard or Gillihan in either
grievance or that they otherwise had a motive to retaliate against him for attempting to use the
grievance procedure.  *See Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009) (to sustain
a retaliation claim, there must be facts suggesting retaliation was the actual motivating factor for
the adverse action).

DATED this 10th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE